UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:  Case No.: 17-11147-7

THOMAS E. ROWE,

        Debtor.

---

THOMAS E. ROWE,

        Plaintiff,

v.  Adversary No.: 17-33

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,

        Defendant.

---

## **MEMORANDUM DECISION**

Plaintiff Thomas Rowe filed a chapter 7 petition and, shortly after, he filed this adversary proceeding seeking a determination of dischargeability under 11 U.S.C. § 523(a)(8). He then received a discharge.

The Court scheduled a trial on the adversary and ordered the parties to file all exhibits and witness lists at least 14 days before the trial. Neither party filed a copy of the alleged loan document, and the opportunity to submit evidence expired. As neither party offered evidence of any loan document or that Plaintiff in fact owed a debt to Defendant, the Court ordered the parties to submit briefs on the burden of proof. The parties did so, and the Court took the matter under advisement.

## FACTS

In 2017, Plaintiff filed a chapter 7 petition and received a discharge. Plaintiff is elderly, unemployed, and subsists on income from his pension and Social Security in the amount of $4,186.36 per month. He scheduled monthly expenses of $3,757.70, including payment on the loan at issue.

Plaintiff's social security income is subject to an involuntary garnishment in the amount of $218.70 per month imposed by the Department of Education and Defendant Educational Credit Management Corporation ("Defendant"). Defendant claims Plaintiff signed a student loan on behalf of his daughter and that the loan survived the discharge. Rowe denies signing any student loans, either for himself or for his daughter. He maintains he has never agreed to pay a student loan and that if his signature appears on a student loan document, then it is a forgery.

As noted, the Court scheduled a trial on Plaintiff's section 523(a)(8) claim. Neither party filed a copy of the student loan documents. The opportunity to file evidence has closed. The Court ordered briefs on the narrow question of who bore the evidentiary burden of establishing the existence of a student loan under 523(a)(8).

## DISCUSSION

*1.    Jurisdiction*

Bankruptcy judges may "hear and enter final judgments in 'all core proceedings arising under title 11, or arising in a case under title 11.'" *Stern v. Marshall*, 564 U.S. 462, 474 (2011). "A proceeding 'arises under' title 11 if the

2

cause of action in question is 'created or determined by a statutory provision of title 11.'" *In re J&B Haldeman Holdings, LLC*, 517 B.R. 910, 915 (Bankr. W.D. Wis. 2014). "Arising under" jurisdiction encompasses administrative matters that arise only in bankruptcy cases, those being matters not based on any right expressly created by Title 11 but without existence outside of bankruptcy. *Id.* at 915-16.

Defendant argues the Court lacks jurisdiction over this proceeding. It asserts Plaintiff's complaint articulates claims "under 15 U.S.C. § 1692 (the Fair Debtor Collection Practices Act or "FDCPA"), but identifies no violation of a particular section of that statute as well as a Section 523(a)(8) claim [sic]." Poor grammar aside, it appears Defendant's position is that the Court lacks jurisdiction over this proceeding because—*in addition to* the section 523(a)(8) claim—the complaint evokes the FDCPA and asserts Plaintiff's signature is a forgery.

Defendant's jurisdiction argument is misguided for three reasons. First, the complaint alleges a section 523(a)(8) claim. The complaint evokes the statute and states several times that the alleged student loan is an undue hardship. If Plaintiff seeks to discharge the student loan as an undue hardship under the express language in the Code, this is a core proceeding and the Court unequivocally has "arising under" jurisdiction.

Next, Defendant contends the Court lacks jurisdiction over Plaintiff's forgery claim because it "can have no conceivable effect or impact on his estate . . . because the bankruptcy has concluded and the estate fully administered."

3

To reiterate, the adversary was filed in May 2017 and Plaintiff received a discharge later that year. The Order of Discharge stipulates it "does not affect any pending adversary proceeding to determine dischargeability." This Court has already affirmatively stated the conclusion of the bankruptcy did not affect this adversary proceeding.

Finally, even without the clear language in the Order of Discharge, the Court has jurisdiction over Plaintiff's forgery claim because it relates to the validity of the alleged student loan. If he successfully shows the loan was invalid because his signature is a forgery, then Plaintiff would succeed in proving Defendant does not hold a "claim" as contemplated in the Code. "Because nothing is more directly at the core of bankruptcy administration . . . than the quantification of all liabilities of the debtor, the bankruptcy court's determination whether to allow or disallow a claim is a core function." *S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.)*, 45 F.3d 702, 705 (2d Cir. 1995) (internal quotations omitted). The validity of a signature on the student loan documents bears directly on Plaintiff's liabilities and is therefore a "core" question. Further, whether there is actually any loan constituting a claim is quantification of Plaintiff's liabilities and thus a core question.

The Court does not reach whether it has jurisdiction over Plaintiff's claim under the FDCPA because it need not do so. Defendant correctly notes the complaint cites the FDCPA but fails to direct the Court to a subsection or

articulate a cause of action under that statute. Any FDCPA claims are for another court to decide.

Refraining from addressing any FDCPA claim does not mean the Court lacks jurisdiction. Plaintiff's prayer for relief seeks a determination of dischargeability and injunctive relief—both of which are well within the relief available under the Bankruptcy Code.

2.   *Burden of Proof*

Section 523(a)(8) excludes from discharge a debt for an educational benefit, unless the obligation imposes an "undue hardship" on the debtor. Though the debtor bears the ultimate burden at trial to prove the elements of an undue hardship, "[t]he creditor bears the initial burden of establishing that the debt is of the type excepted from discharge under § 523(a)(8)." *Bronsdon v. Educ. Credit Mgmt. Corp. (In re Bronsdon)*, 435 B.R. 791, 796 (B.A.P. 1st Cir. 2010). In the context of 523(a)(8), that rule makes practical sense because it is "consistent with the parties' relative access to information." *Connecticut Student Loan Found. v. Keenan (In re Keenan)*, 53 B.R. 913, 916 (Bankr. D. Conn. 1985).

Defendant claims it "was unable to locate any case law on point that is determinative of the issue this Court asked the parties to brief." Defendant then goes on to analogize the enforceability of this claim to negotiable instruments under Wisconsin law. It notes Wis. Stat. § 403.308(1) instructs:

> If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized . . . .

5

This section presupposes the existence of a debt. Defendant bears the burden of providing a debt exists and that it is of the type excepted from discharge under section 523(a)(8). It is only after this burden is satisfied that the burden shifts to the debtor to prove undue hardship. *Sensient Techs. Corp. v. Baiocchi (In re Baiocchi),* 389 B.R. 828, 829 (Bankr. E.D. Wis. 2008). Defendant has failed to establish the existence of a debt. Consequently, no presumption of validity arises under section 403.308(1). It is irrelevant that the signature is "presumed to be authentic and authorized" because the Court does not have evidence that a loan or signature ever existed. Defendant has failed to meet its threshold burden in establishing a debt exists, let alone that it is the type of debt contemplated in section 523(a)(8). To hold otherwise would require Plaintiff to prove the negative.

## CONCLUSION

Defendant failed to meet its burden of proof that there is a debt and that it is of the type contemplated under section 523(a)(8). Thus, the debt, if any, is declared discharged. The discharge injunction applies to Defendant.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: June 28, 2018

                                    BY THE COURT:

                                    _____
                                    Hon. Catherine J. Furay
                                    U.S. Bankruptcy Judge